■ JORGE GORIS, Appellant, v PREFERRED FREEZER, INC., et al., Respondents. [7 NYS3d 467]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered September 19, 2014, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

On December 6, 2012, the plaintiff, who was an employee of Restaurant Depot, located in Garden City, was operating a motorized pallet-moving scooter (hereinafter the scooter), when he fell from a loading dock. The plaintiff claimed that he was backing the scooter onto a metal platform which bridged the gap between the loading dock and a tractor-trailer parked at the dock, when the driver of the tractor pulled the trailer away, causing the plaintiff and the scooter to fall from the loading dock to the ground.

The plaintiff commenced this action against the owner and the operator of the tractor-trailer to recover damages for personal injuries. The plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion. We affirm.

The plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law, as he did not tender sufficient evidence to demonstrate the absence of any material issue of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]). The plaintiff's moving papers, which included a transcript of the deposition testimony of both the plaintiff and the operator of the tractor-trailer, revealed the existence of triable issues of fact as to whose responsibility it was to detach the metal platform from the trailer, and, if it was the plaintiff's responsibility, whether his failure to do so contributed to the accident. The plaintiff's submissions also revealed the existence of a triable issue of fact as to whether the plaintiff operated the scooter in a negligent manner and, if so, whether the plaintiff's negligence in this regard contributed to the accident. The plaintiff's failure to make the requisite prima facie showing warranted the denial of his motion, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.